<div style="margin-right:0;text-align:right">RUTLAND,
*February*,
1831.

Allen
*vs.*
Edgerton.</div>

————————

LEONARD JARVIS *vs.* EASTUS BARKER's administrator.

<div style="text-align:right">RUTLAND,
*February*,
1831,</div>

One for whose benefit a suit was commenced, but is not the nominal plaintiff of record, cannot be rendered a competent witness for the plaintiff by an assignment, executed on trial to a third person, of his interest in the demand on which the suit is predicated.

A note, originally negotiable, loses its negotiability by the decease of the signer, and an adjudication upon the note by the commissioners.

This was an appeal from an allowance of commissioners on the estate of *Eastus Barker*. The declaration was in *assumpsit* on a promissory note, executed by *Barker*, and made payable to the plaintiff or order. It appeared, on the trial in the county court, that the note in question had been taken by Chester Spencer, for his own benefit, and that a written contract had been entered into at the same time by Spencer, on the one part, and by *Barker*, the intestate, and Jaazaniah Barrett, jun. on the other part, which contained certain conditions precedent, on the performance of

Rutland,
February,
1831.

Jarvis
vs.
Barker's admr.

which the validity of the note depended. There was an endorsement on the back of the note, without date, by which it appeared the plaintiff had ordered the note to be paid to Spencer. It appeared by evidence introduced by the defendant, that the conditions precedent mentioned in said contract had not been performed. The plaintiff then offered in evidence an assignment of Spencer's interest in the note to Abial Child and Morley Hall, executed on trial by Spencer, and a sealed release of all claims arising from said note, executed at the same time by said Child and Hall to Spencer; which having been admitted by the court, the plaintiff then offered Spencer as a witness to prove, among other things, that the intestate had, after the making of the contract between him and Barrett and Spencer, waived a performance of the conditions precedent; and that the endorsement of the note was made after it had been presented to the commissioners, and their report had been made thereon. The defendant objected to Spencer as an incompetent witness, and he was rejected by the court. The plaintiff then offered other evidence tending to show that the endorsement of said note was made after it had been adjudicated upon by the commissioners on the intestate's estate, and their report thereon. This evidence, being objected to by the defendant, was rejected by the court. A *non suit* having been entered in the action, the plaintiff filed exceptions to the said decisions of the court, and thereupon the case was reserved for the opinion of this Court.

After argument,

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— We will first enquire whether Spencer, the witness offered by the plaintiff, was correctly excluded from testifying? It appears in the case, that the note was executed for the benefit of this witness, but made payable to *Jarvis*, the creditor, whose process the witness had served probably in hopes, that he would receive this note as new security for his debt. But there was a writing cotemporaneous with this note, containing a condition precedent to the validity of the note. The plaintiff, not being able to show this condition to have been performed, attempts to show something tantamount, to wit, a waiver of the condition by the deceased in his life time. To prove this, the plaintiff offered said Spencer as a witness. But the plaintiff offered first to remove his interest, by showing, that he then in court had conveyed all his interest to Messrs. Child and Hall, who also had released all claim upon him

Rutland,
February,
1831.

Jarvis
vs.
Barker's admr.

an account of this note, or this sale. His interest before was manifest. The note was originally taken for his benefit, and he had always, till then, been the owner. The question now arises, whether that interest is so discharged, as to render him a competent witness ? We think it was not. No discharge is produced from *Jarvis*, who, it seems, has never consented to receive this note in lieu of his original debt. Nothing appears how Child and Hall were to account with Spencer for this note, and this suit. The assignment from Spencer to them purports to be without consideration. Perhaps a sufficient consideration might be proved. We need not anticipate what decision would be required upon any different papers, produced to discharge his interest. As he then stood, he was correctly excluded. It savors too strongly of a case of a real plaintiff to a suit in another's name selling out his interest, for the purpose of becoming a witness to a point, not otherwise capable of proof.

Another important point is raised by the exceptions. The nominal plaintiff, *Jarvis*, had assigned this note, which in terms is negotiable, to this witness, Spencer, by an assignment without date. This would *prima facie* divest *Jarvis* of all right to pursue his action, and drive Spencer to his action in his own name. In which case the defendant would be entitled to a nonsuit in this action. The plaintiff, to avoid this difficulty, offered to show, that this assignment, which is thus without date, was made after the decease of *Barker*, and after his estate was represented insolvent, and commissioners were appointed to receive and report the claims against his estate, and after this note had been exhibited to and adjudicated upon by them. This testimony was objected to by the defendant, and excluded by the court. We now consider, that, so far as that assignment of the note was to affect the trial, the plaintiff had a right to this testimony to avoid its effect. All demands that go before commissioners, must be treated as they were at the decease of the debtor. So of claims in favor of the estate. The commissioners must strike and report the balance. Any transfer after the decease cannot affect the decision of the commissioners. It may convey the equitable interest ; but cannot change the nominal plaintiff or defendant. On this point, the decision of the county court was incorrect. But if this testimony had been admitted, the plaintiff could not have recovered, without proof upon the first point now decided, in which he wholly failed. Yet it is possible, that justice has not been done by the nonsuit. Plaintiff now, on his motion to set aside the nonsuit, shows an assignment of this

RUTLAND,
*February,*
1830.

Jarvis
*vs*
Barker's admr.

note to Child and Hall, by Spencer, that appears probably executed at its date, and which bears date January 28th, 1828. It is said this was mislaid, or not brought with the other papers to court; which was the reason of executing the one at the trial. The appeal came into the county court, from the decision of commissioners, April term, 1828. If this paper had been present, and proved genuine, it might have presented the question of Spencer's interest in a different view; as at the date of this assignment, there was no action pending, but rather a final decision in favor of the note.

The Court have a discretionary power to remove this nonsuit for the purpose of attaining justice, and this on such terms as will do substantial justice. We have come to the conclusion, to grant the motion for setting aside the nonsuit, and open the cause for a new trial, on the terms, that the plaintiff pay to the defendant all the taxable cost of this term, and of the term, in which the jury trial was, and that he take no cost for said two terms, should he finally recover.

*Royce & Hodges*, for plaintiff.
*Thrall & Webber*, for defendant.